UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| INTERNATIONAL MECHANICAL SERVICES, INC.<br><br>PLAINTIFF,<br><br>v.<br><br>ANTHONY AND GORDON CONSTRUCTION COMPANY, INC. & GREAT AMERICAN INSURANCE COMPANY<br><br>DEFENDANT. | CASE NO. 5:17-cv-00677 |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, International Mechanical Services, Inc. ["IMS"], Plaintiff, and complains of the Defendant Anthony and Gordon Construction Company, Inc. ["A&G"] and Defendant, Great American Insurance Company ["GAIC"] for cause shows the following:

### I. Parties and Service

1. Plaintiff IMS is a corporation organized under the laws of the State of Texas, having its principal place of business at 1914 Breeden Street, San Antonio, Texas 78212.

2. Defendant, Anthony and Gordon Construction Company, Inc., is a Tennessee corporation that is authorized to do business in Texas, and may be served with process by service upon its registered agent, Peckar & Abramson, P.C., Attn: Timothy D. Matheny, 8080 N. Central Expressway, Suite 1600, Dallas, Texas 75206.

3. Defendant, Great American Insurance Company is an Ohio corporation that conducts business in Texas, and may be served with process by service upon its registered agent CT Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## II. Jurisdiction and Venue

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1352 in that the matter involves an action on a payment bond executed under 40 U.S.C. § 3131 *et. seq.* (the "Miller Act"), and the Court has jurisdiction over any other matters herein pursuant to 28 U.S.C § 1367 because the other claims are so related to the Miller Act claims that they form part of the same case or controversy.

5. In the alternative, this court has diversity jurisdiction under 28 U.S.C. § 1332. The action is brought between citizens of different states and the amount in controversy exceeds $75,000.00

6. The amount in controversy is in excess of the minimum jurisdictional limits of this Court.

7. Venue in the Western District of Texas, San Antonio division is proper pursuant to 28 USC 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in Bexar County, Texas, because this lawsuit involves a written contract whereby the work and services rendered were performed in Bexar County, Texas.

## III. Factual Background

8. Defendant Anthony and Gordon Construction Company, Inc., ["A&G"] as general contractor, was awarded Prime Contract No. W9126G-13-C-0005, involving the construction of Fort Sam Houston Vehicle Maintenance Facility TEMF located in Ft. Sam Houston, Texas ["Prime

Contract"]. A&G was required under Federal Law and under the Prime Contract to provide a payment bond. The payment bond is provided for the benefit of subcontractors working on the Project. A true and correct copy of the payment bond is attached to this Complaint and labeled as Exhibit 1. On January 4, 2013, A&G executed a payment bond with Great American Insurance Company. The bond was designated no. 1146387 ["the Bond"].

9. On or about February 12, 2013, Plaintiff IMS entered into a subcontract with Defendant A&G, whereby Plaintiff IMS would provide subcontract work, equipment and materials necessary to install an industrial HVAC and plumbing system to Defendant A&G at the Fort Sam Houston Vehicle Maintenance Facility TEMF Project ["the Project"]. Exhibit 2. The work was subcontract work for A&G's work awarded under the Prime Contract.

10. On January 6, January 25 and May 9, 2017, IMS sent Pay Applications 23 through 25 for work performed through May 9, 2017 on the project. The total amount owed for progress payments on said applications is $85,219.03. Upon information and belief, A&G has been paid by the Government for IMS's work performed for the Project. IMS has not been paid for the $85,219.03 in progress payments owed for this project.

11. On May 9, 2017, IMS sent Pay Application 26 as IMS's request for final payment for the retainage held for the project. The total amount of the Pay Application 26 is $74,014.03 which is the amount held in retainage by A&G. Upon information and belief, A&G has been paid by the Government for IMS's work performed for the Project. IMS has not been paid any portion of Pay Application 26, which is still due and owing.

12. IMS performed the work in accordance with the subcontract. However, to-date A&G has failed and refused to pay for IMS's work. A total of $159,233.08 is currently due and owing A&G to IMS which included outstanding progress payments owed for the project in the

amount of $85,219.03 and unpaid retainage in the amount of $74,014.03.  To date, A&G has failed and refused to pay for the above invoices and therefore IMS brings the subject suit.

## IV. Causes of Action

### *a. Miller Act Claim Under 40 U.S.C. § 3133- Both Defendants*

13. Plaintiff incorporates by reference and realleges the factual allegations of Paragraphs 1 – 12 above.

14. Plaintiff has fully performed its obligations in furnishing materials and labor for the Project.

15. This action is brought more than 90 days since the date that Plaintiff last provided materials and labor for the Project, but prior to the expiration of one year from that date.

16. Despite timely notice and repeated written and oral demands upon A&G and upon GAIC for payment for the sums due and owing to Plaintiff, payments have not been made.

17. Defendants A&G and GAIC are jointly and severally liable to Plaintiff for all amounts due for labor and materials furnished for the Project, for a total amount due of $159,233.08, together with interest at the applicable rate.

### *b. Breach of Subcontract*

18. Plaintiff re-alleges and incorporates the facts set forth in paragraphs 1-12 and further states that the Defendants are liable to Plaintiff IMS in breaching the subcontract agreement.

19. Defendants have breached the subcontract by failing to make timely payments for labor, equipment and materials delivered under the subcontract.

20. As a direct and proximate result of these breaches, Plaintiff IMS, has suffered actual damages in an amount $159,233.08, together with interest at the applicable rate.

21. All conditions precedent have been performed or have occurred.

### *c. Quantum Meruit*

22. In the alternative, and without waiving the above pleaded causes of action, Plaintiff re-alleges and incorporates the facts set forth in paragraphs 1-12 and further contends that Defendants are liable to Plaintiff IMS under the theory of quantum meruit.

23. Plaintiff IMS provided services and materials to Defendants. More specifically, Plaintiff performed subcontract work on the Fort Sam Houston Vehicle Maintenance Facility TEMF located in San Antonio, Texas, including, but limited to, the following work set forth in the preceding paragraphs 1-12.

24. Defendants conferred a benefit for Plaintiff IMS's work. But for Plaintiff IMS's work performed, Defendants would be obligated to perform under the Prime Contract.

25. Defendants have not adequately compensated Plaintiff IMS for work performed. Plaintiff is entitled to recover the reasonable value for its performed work and describe above.

### *d. Texas Trust Funds Act*

26. Plaintiff re-alleges and incorporates the facts set forth in paragraphs 1-12 and further asserts that Defendants are liable to Plaintiff IMS for their violations of the Tex. Prop. Code § 162.011(a), et seq.—Texas Trust Fund Act.

27. Pursuant to Tex. Prop. Code § 162.002, Defendants are a trustee of construction funds who has received funds meant for the benefit of Plaintiff IMS, beneficiary under the statute. However, Defendants, the trustees, retained, used, disbursed, or diverted trust funds with the intent to deprive the beneficiary (Tex. Prop. Code § 162.003), Plaintiff, of said funds.

28. Plaintiff IMS seeks its actual damages in the amount of $159,233.08, along with interest, attorneys' fees, and punitive damages due to Defendants' Trust Fund Act violations.

### *e. Chapter 2251 Texas Government Code: Prompt Pay Violations*

29.     Plaintiff re-alleges and incorporates the facts set forth in paragraphs 1 – 12 and further asserts that Defendants are liable to Plaintiff IMS for their violations of the Tex. Govt. Code § 2251.022 et seq.— Prompt Pay Statute.

30.     Pursuant to the Texas Government Code Prompt Pay Statute, Plaintiff also seeks to recover interest on the unpaid contract balance and the amounts associated with various change orders requested by the Defendants, but not paid. *See* Tex.Gov't.Code § 2251.025, et seq. Specifically, under the Texas Government Code Prompt Pay Statute, a vendor (i.e. original contractor) who receives a payment from the governmental entity in connection with a contract to improve real property, must within ten (10) days of receipt of the payment, pay each subcontractor the appropriate share of the payment. *See* Tex.Gov't.Code § 2251.022.

31.     Plaintiff alleges that Defendants have wholly failed to pay Plaintiff the amounts set forth above in the preceding paragraphs and owed under the Subcontract. In doing so, Defendants violated the Texas Government Code Prompt Pay Statute. Plaintiff therefore seeks judgment against Defendants for interest as calculated under the Texas Prompt Pay Statute. *See* Tex.Gov't.Code § 2251.025.

### *f. 31 USC §3905(b)(1)-(2): Violation of the Federal Prompt Pay Act*

32.     Plaintiff re-alleges and incorporates the facts set forth in paragraphs 1- 12 and further asserts that Defendants are liable to Plaintiff IMS for their violations of the 31 USC §3905(b)(1)-(2) Federal Prompt Pay Statute.

33.     Upon information and belief, A&G has been paid for work performed by Plaintiff IMS but A&G has failed to make payment to IMS for said work. Plaintiff alleges that Defendants have wholly failed to pay Plaintiff the amounts set forth above in the preceding paragraphs and

owed under the Subcontract. In doing so, Defendants violated the Federal Prompt Pay Statute. Plaintiff therefore seeks judgment against Defendants for interest as calculated under the Federal Prompt Pay Statute.

## V. Court Costs and Attorneys' Fees

34. More than thirty days have elapsed since Plaintiff has made demand on Defendants for the contract amounts due Plaintiff as set forth herein, and due to the failure of Defendants to pay amounts due, Plaintiff has been required to retain the services of the undersigned counsel to prosecute this action.

35. Pursuant to §38.001 of the Texas Civil Practice and Remedies Code, Plaintiff has satisfied all conditions precedent to recovery of its reasonable and necessary attorneys' fees incurred in its action based on Breach of Contract and pleads for recovery thereof.

36. In the alternative, pursuant to § 38.001 (1)-(3) of the Texas Civil Practice and Remedies Code, Plaintiff IMS is entitled to reasonable and necessary attorneys' fees in bringing this suit and seeking recovery under the theory of quantum meruit.

37. Further, in additional paragraphs set forth above and pursuant to Tex. Prop. Code § 162.001 et al., Plaintiff IMS, in bringing suit based on Defendants' violations of the Texas Trust Fund Act are entitled to reasonable and necessary attorneys' fees.

38. Finally, Plaintiff seeks an award of attorneys' fees due to Defendants violation of the Texas Prompt Pay Act. *See* Tex.Gov't.Code § 2251.043.

## VI. Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Plaintiff IMS, respectfully prays that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against the Defendants for damages including:

a.  Actual Damages in the amount of $159,233.08;

b.  Appropriate Punitive Damages set forth in finding Defendants violated the Texas Trust Fund Act;

c.  Appropriate interest associated with the violation of Chapter 2251 of the Texas Government Code and 31 USC §3905(b)(1)-(2);

c.  Pre-judgment and Post-judgment interest as provided by law;

d.  Reasonable and Necessary Attorneys' fees and Court of filing this lawsuit; and

e.  Such other and further relief to which Plaintiff may show itself justly entitled.

Dated: July 21, 2017

>Respectfully Submitted,
>
>BAILEY & BAILEY, P.C.
>230 Pereida Street
>San Antonio, Texas 78210-1145
>Telephone: (210) 225-7747
>Facsimile (210) 225-8246
>
> /s/Johnathan M. Bailey
>Johnathan M. Bailey, Lead Counsel
>jbailey@baileyandbaileypc.com
>SBN 24000009
>Attorneys for Plaintiff
>International Mechanical Services, Inc.